**UNITED STATES DISTRICT COURT**
                        **DISTRICT OF NEW JERSEY**

_____
                              :
JUAN ROBLES,                  :
                              :    Civil Action
           Plaintiff,         :    No. 09-cv-2759 (NLH)(KMW)
                              :
      v.                      :    **OPINION**
                              :
CHARLES ALBINO, et al,        :
                              :
           Defendants.        :
                              :
_____:

**APPEARANCES**:

Juan Robles
# 626534/828737B
Columbus House
6-Unit
50 Fenwick Street
Newark, N.J. 07114
*Pro se*

Susan Marie Scott, Esquire
Office of the New Jersey Attorney General
Department of Law and Public Safety
Richard J. Hughes Justice Complex
P.O. Box 112
Trenton, N.J. 08625
*Attorney for Defendant Charles Albino*

**HILLMAN, District Judge**

Plaintiff, Juan Robles, brings this civil rights action against Defendant, Charles Albino, administrator of Southern State Correctional Facility, and unnamed corrections officers. Plaintiff alleges that corrections officers employed excessive force against him and otherwise harassed him, and that Albino

1

failed to adequately investigate the officers' misconduct.

Presently before this Court is Albino's motion to dismiss the claims against him. For the reasons expressed below, Albino's motion will be granted. Plaintiff, however, shall have leave to amend his complaint.

## I.   JURISDICTION

Plaintiff has brought his claims pursuant to 42 U.S.C. § 1983. This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331.

## II.   BACKGROUND

Plaintiff is a pro se litigant who, at the time he suffered the alleged misconduct was incarcerated at Southern State Correctional Facility.[1] On March 4, 2009, an unnamed corrections officer grabbed Plaintiff by the neck and made a series of threats.[2] This incident caused Plaintiff to fear for his safety, and as a result, on April 5, 2009, Plaintiff voluntarily entered into the temporary close custody unit.

On April 8, 2009, Plaintiff met in that unit with Mr. Becker, an investigator in the Special Investigations Division.

---

[1] According to Albino's counsel, Plaintiff is currently participating in a community release program in Newark, New Jersey.

[2] The facts are taken from Plaintiff's Complaint. As set forth *infra*, in evaluating a motion to dismiss, a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the nonmoving party. Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)

Days later, Plaintiff was visited by Mr. Warren, an assistant administrator, who promised Plaintiff a transfer to another prison. Additionally, on April 14, 2009, Plaintiff reported the alleged officer misconduct to the prison ombudsman.

Around this same time, Plaintiff's mail began to arrive late, and Plaintiff and his visitors were harassed by corrections officers. Plaintiff reported the harassment to the medical department. In turn, he was transferred from "B Compound" to "A Compound," but the harassment continued.

On April 23, 2009, the ombudsman interviewed Plaintiff regarding Mr. Warren. Shortly thereafter, Plaintiff met with Ms. Singleton, a social worker, to address his complaints. Lastly, Plaintiff again spoke with Mr. Becker. Despite his meetings and complaints, Plaintiff received no relief or remedy.

Ultimately, Plaintiff suffered a mental breakdown for which he required medical treatment. In or around August 2009, Plaintiff pursued the present action against Albino and unnamed corrections officers.[3] In February 2011, Albino moved to dismiss Plaintiff's claims.[4]

---

[3] Plaintiff originally filed suit in June 2009, but the case was administratively terminated. The case was reopened in August 2009.

[4] Also in February 2011, Albino moved for an extension of time to answer, move, or otherwise reply to Plaintiff's complaint, pursuant to Federal Rule of Civil Procedure 6(b)(1)(B). In essence, the motion requested that the Court accept Albino's untimely motion to dismiss. In support of the

## III. DISCUSSION

### A. Standard for Motion to Dismiss

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the nonmoving party. Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks "'not whether a [claimant] will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974));

---

motion to extend time, Albino's counsel explains that, in compliance with a previous Court Order, Albino's motion to dismiss was served upon Plaintiff and a courtesy copy sent to the Court. However, according to Albino's counsel, "the motion was inadvertently not electronically filed with the Court." (Doc. # 22.2, ¶ 7). Albino's counsel represents that she took a leave of absence from her office and did not realize that the motion had not been filed electronically until February 17, 2011, at which time she filed the motion to extend time. Given that no opposition has been made by Plaintiff and no prejudice shown, Albino's motion to extend time to respond will be granted, and the Court shall accept and consider Albino's motion to dismiss. Counsel is reminded, however, to abide by both the rules of civil procedure and the filing procedures in this District.

see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'" (citation omitted)).  Under the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis.  First, a claim's factual and legal elements should be separated; a "district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 129 S. Ct. at 1950).

Second, a district court "must then determine whether the facts alleged in the complaint are sufficient to show that the [claimant] has a 'plausible claim for relief.'"  Id. at 211 (quoting Iqbal, 129 S. Ct. at 1950); see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." (quoting Twombly, 550 U.S. at 556)).  The movant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005).

5

B.   **Failure to State a Claim**

Albino argues that Plaintiff fails to state a claim upon which relief may be granted.  By Albino's assessment, Plaintiff's sole allegation against him consists of a threadbare, formulaic conclusion devoid of any salient fact.  Albino also contends that, *inter alia*, the doctrine of sovereign immunity bars Plaintiff's claims against him.  Though Albino's counsel certifies the service of the motion upon him, Plaintiff has not responded to Albino's motion.

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under Section 1983, a plaintiff must show that: (1) the conduct challenged was committed by a person acting under color of state law; and (2) that the conduct deprived him of his rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Shuman ex rel. Shertzer v. Penn Manor School Dist., 422 F.3d 141, 146 (3d Cir. 2005).  Moreover, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*."  Rode v.

6

Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Id. "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." Id.

In this matter, Plaintiff's only explicit assertion in his complaint against Albino reads: "AS THE ADMINISTRATOR DEFENDANT FAILED TO ADHERE TO POLICY RULES AND REGULATIONS UNDER THE COLOR OF LAW PURSUANT TO N.J.S.A. 30:1B6(G) defendant failed to investigate reported ABUSE BY OFFICERS." (Compl. at 4).

Plaintiff has failed to allege with requisite specificity that Albino had any personal involvement in the constitutional deprivations Plaintiff alleges. Plaintiff submits a general, conclusory allegation that Albino failed to adequately investigate his claims against unknown corrections officers pursuant to New Jersey statutory law. However, Plaintiff avers no facts to show that Albino, himself, had been made aware of Plaintiff's grievances and failed to take any necessary action. Plaintiff states that he had spoken to or been visited by numerous prison officials, with whom he shared his complaints. That Plaintiff allegedly suffered more harassment from unknown corrections officers after those meetings, or that he did not receive the relief or remedy to which he believes he was entitled, does not plausibly show, in and of itself, Albino's

7

knowledge of, involvement in, or acquiescence to the ostensible wrongdoing that victimized Plaintiff.[5]

Without more, there is simply nothing in the complaint that would remotely suggest that Albino directed, had knowledge of, or otherwise assented to or tolerated deprivations or violations of Plaintiff's rights, nor does the complaint suggest that Albino had any involvement in the establishment or perpetuation of an unlawful policy, practice, or custom.  See, e.g., Jetter v. Beard, 183 F. App'x 178, 181 (3d Cir. 2006) (dismissing Section 1983 claim because plaintiff "failed to allege any facts to support a conclusion that [supervisors] had any personal involvement in the events" giving rise to claims); Arnold v. New Jersey, 2007 U.S. Dist. LEXIS 33982, at *16 (D.N.J. May 9, 2007) (dismissing Section 1983 claims against state officials because complaint merely stated that defendants "allowed" unlawful conduct, failed to assert "a single fact . . . linking the action or inaction of [defendants] to the alleged constitutional violation," and, thus, presented only "unsupported conclusions" and "bare allegations").

Moreover, to the extent that Plaintiff sues Albino in his official capacity for monetary relief, that claim is barred by sovereign immunity.  "Under the Eleventh Amendment, 'an

---

[5] It is worth noting that Plaintiff cites N.J.S.A. 30:1B-6(g) as the source of Albino's constitutional violation.  However, that statutory provision merely charges the administrator with the responsibility for determining matters of policy and promulgating regulations.

8

unconsenting State is immune from suits brought in federal courts by her own citizens.'"[6]  Hyatt v. County of Passaic, 340 F. App'x 833, 836 (3d Cir. 2009) (quoting Edelman v. Jordan, 415 U.S. 651, 663 (1974)).  "'[N]either a State nor its officials acting in their official capacities' may be sued for monetary relief under § 1983."  Id. (quoting Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)).  Because nothing suggests that the State waived its sovereign immunity, any claims seeking monetary relief against Albino in his official capacity are barred by the Eleventh Amendment.[7]  See Pappas v. Twp. of Galloway, 565 F. Supp. 2d 581, 587 (D.N.J. 2008) ("Lawsuits brought under section 1983 seeking monetary relief against state officials in their

---

[6] The Eleventh Amendment to the United States Constitution reads:  "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  In spite of its unambiguous language, "[t]he Eleventh Amendment not only prohibits suits against a state by citizens of other states, but also prohibits suits against a state by its own citizens, as well as suits against a state agency or department."  Russo v. Ryerson, 2006 U.S. Dist. LEXIS 10447, at *33 (D.N.J. Feb. 27, 2006) (citing Pennhurst State Sch. & Hosp. v. Halderman, 46 U.S. 89, 100 (1984)).

[7] Notwithstanding the doctrine of sovereign immunity, the Court recognizes that a plaintiff may sue a state official in his official capacity for prospective injunctive relief for violations of federal law.  Figueroa v. City of Camden, 580 F. Supp. 2d 390, 398 (D.N.J. 2008).  Part of the relief sought by Plaintiff includes injunctive relief and thus is not barred by sovereign immunity.  Nor does sovereign immunity impact Plaintiff's claims against Albino in his individual capacity.  Nevertheless, for the reasons explained *supra*, Plaintiff has failed to articulate a colorable cause of action against Albino warranting any kind of relief at this time.

official capacity . . . should be treated as suits against the State, and are barred by the Eleventh Amendment." (citations and internal quotation marks omitted)).

Accordingly, for the reasons stated above, Albino's motion to dismiss will be granted, and Plaintiff's claims will be dismissed.[8]

### C.   Leave to Amend

A plaintiff is generally afforded leave to amend his or her civil rights complaint when it is dismissed for failure to state a claim, unless any amendment would be inequitable or futile. Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

With this principle in mind, Plaintiff shall be granted leave to amend his complaint so that he may attempt to articulate his claims in a manner that satisfies the federal pleading standards.  The Court does not find at this time that inequity or futility should preclude leave to amend.

---

[8] Plaintiff's complaint could be construed to intimate a procedural due process claim against Albino for failing to investigate in accordance with New Jersey law.  In that case, there may be some question as to whether Plaintiff could state a viable cause of action.  See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (noting that "federal regulations providing for an administrative remedy procedure do not in and of themselves create a liberty interest in access to that procedure"); see also Rivera v. Pa. Dep't of Corr., 346 F. App'x 749, 751 (3d Cir. 2009) (concerning state administrative procedure).  The Court, however, need not address this matter given Plaintiff's insufficient pleadings.  Should Plaintiff amend his complaint, as explained *infra*, the Court may then be prompted to examine the matter on a later occasion.

Therefore, Plaintiff shall have thirty (30) days from the date of this Opinion to amend his complaint.  However, if Plaintiff fails to satisfy the federal pleading standards, then Albino again may move to dismiss his claims.

## IV. CONCLUSION

For the foregoing reasons, Albino's motion to dismiss is granted.[9]  Further, Plaintiff shall have thirty (30) days from the date of this Opinion to amend his complaint, if he so chooses.  An Order consistent with this Opinion shall be entered.

Dated: July 26, 2011              /s/ NOEL L. HILLMAN
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.

---

[9] As noted *supra*, Albino's motion to extend time to respond to Plaintiff's complaint also is granted.